IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEE GUINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-440-SPS |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Lee Guinn requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security

---

[1] On July 9, 2021, Kilolo Kijakazi became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of hisr past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was forty-nine years old at the time of the administrative hearing (Tr. 33, 214). He completed high school and has worked as a tool and dye technician (Tr. 24, 242). The claimant alleges that he has been unable to work since November 1, 2015, due to social anxiety, conflict problems, depression, arthritis, upper and lower back pain, trouble with left shoulder and arm, and pain in his dominant left hand (Tr. 241).

## Procedural History

On January 18, 2019, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ B.D. Crutchfield conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated May 5, 2020 (Tr. 16-26). The Appeals Council denied review, so the ALJ's opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, he can lift/carry ten pounds frequently

and twenty pounds occasionally, stand/walk for up to six hours in an eight-hour workday, and sit six hours in an eight-hour workday, except she found he could only occasionally stoop (Tr. 21). The ALJ then concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *e. g.*, bench assembler, final inspector, and conveyor line bakery worker (Tr. 24-25).

## Review

The claimant contends that the ALJ erred by failing to properly account for the opinion of consultative examiner Dr. Conner Fullenwider. The Court agrees with this contention, particularly as it also implicated her evaluations of the state reviewing physicians in the record, and the decision of the Commissioner must therefore be reversed.

The ALJ found that the claimant had the severe impairment of degenerative disc disease (Tr. 19). The relevant medical records as to the claimant's physical impairments reflect a 2015 x-ray of the lumbar spine which revealed second degree spondylolisthesis at L5-S1 with mild degenerative disc disorder, facet arthrosis, and multiple spondylosis, and the claimant began pain management at that time (Tr. 310-312).

On July 7, 2018, Dr. Conner Fullenwider, M.D., conducted a physical examination of the claimant on July 7, 2018 (Tr. 315-322). The claimant had decreased sensation in the right lower extremities and bilateral upper extremities, but negative straight leg raise tests (Tr. 317, 321). He was generally able to grasp, finger, lift, and carry, but was unable to squat and rise from that position, unable to rise from a sitting position without assistance, and had difficulty getting up and down from the exam table (Tr. 317-318). Additionally,

-4-

he was unable to heel/toe walk, had abnormal tandem walking, and could not stand or hop on either foot bilaterally (Tr. 318). The worksheet also indicates reduced range of motion of the back and neck, and pain with reduced range of motion of the lumbosacral spine and cervical spine (Tr. 319, 321). Dr. Fullenwider's impression noted the reduced range of motion of neck and back, decreased sensation in his upper extremities bilaterally and right lower extremity, and positive anterior draw sign in his left knee (Tr. 318).

Treatment notes from October 2018 through May 2019 indicate the claimant continued complaining of back pain, which was treated with medication (Tr. 331-372). A November 13, 2018 x-ray of the lumbar spine revealed L4 through S1 facet arthrosis with grade 1 retrolisthesis of L4 on 5 and grade 1 anterolisthesis of L5 on S1, transitional lumbosacral segment, and atherosclerotic vascular disease (Tr. 342). An x-ray of the cervical spine the same day showed C4 through 6 facet and uncovertebral sclerosis and joint narrowing with uncinate process spurring, grade 1 retrolisthesis of C5 on 6, and C5/6 disc space narrowing with endplate sclerosis but that the C1/2 relationship was normal and there were no abnormal curvatures (Tr. 343). In November 2018 he reported that his neck pain was sometimes 9/10 or 10/10 reported, and it was still 7/10 for pain in December 2018 (Tr. 334, 344). In January 2019, he reported that the medications had reduced his pain to 5/10 (Tr. 331).

State reviewing physician Dr. James Metcalf found the claimant could perform light work, *i. e.*, he could lift/carry ten pounds frequently and twenty pounds occasionally, stand/walk up to six hours in an eight-hour workday, and sit six hours in an eight-hour workday, but that he could only occasionally stoop (Tr. 72-74). On reconsideration, Dr.

Larry Ressler found the claimant could perform medium work, *i. e.*, lift/ carry fifty pounds occasionally and twenty-five pounds frequently, as well as stand/walk up to six hours in an eight-hour workday and sit six hours in an eight-hour workday, but that he could only frequently stoop (Tr. 103-105).

In her written opinion at step four, the ALJ summarized the claimant's hearing testimony and the medical evidence in the record. As pertinent here, she summarized Dr. Fullenwider's report, noting decreased range of motion of the neck and back, decreased sensation, unsteady and limping gait, as well as his problems squatting, rising unassisted, heel/toe walking, tandem walking, and with hopping (Tr. 23). After she summarized the relatively sparse evidence, she stated that her assigned RFC was supported by objective evidence, again noting Dr. Fullenwider's report but that the claimant had reported his pain was "livable" in January 2019 and he had only needed medication refills (without recording a pain assessment) in May 2019 (Tr. 23-24). She stated that none of his physicians had provided an RFC that would preclude light work with occasional stooping. She then mistakenly stated that both state reviewing physicians found he could perform light work with occasional stooping and found that their "opinions are persuasive because their opinions are well supported by the record as a whole" without further discussion (Tr. 24).

The claimant argues that the ALJ failed to properly assess Dr. Fullenwider's opinion. Specifically, he contends that she entirely failed to consider its persuasiveness as required under the regulations. For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling

weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors.  *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b).  The factors are:  (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c).  Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered, although the ALJ is generally not required to explain how the other factors were considered.  *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations."  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical

sources" in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Here, the ALJ made no finding as to the persuasiveness of Dr. Fullenwider's opinion at all, nor did she discuss its supportability *or* consistency, although she did recognize it several times at step four in her opinion. The Commissioner contends there was no error because Dr. Fullenwider's report represents only objective medical evidence and not a medical opinion, and while it must be considered, there is no required framework. Furthermore, the Commissioner contends that nothing in the record demonstrated further limitations (ignoring the fact that Dr. Fullenwider's objective findings *do* demonstrate further limitations).

The Court finds that the ALJ erred in her analysis. The Court first notes that, in addition to failing to properly assess even the objective findings in Dr. Fullenwider's report, the ALJ likewise entirely failed to conduct the proper analysis as to the state reviewing physician opinions. While the state reviewing physician opinions were inconsistent with each other as to the lift/carry ability of the claimant, as well as whether the claimant could only occasionally stoop or frequently stoop, the ALJ treated them as consistent. And while the ALJ declared that both opinions were persuasive because they were "well supported by the record as a whole," she failed to actually state what records supported or were consistent with these *differing* opinions. Furthermore, Dr. Ressler and Dr. Metcalf both found the claimant was unlimited in the ability to climb ramps/stairs/ladders/ropes/scaffolds, balance, kneel, crouch, and crawl, while Dr. Fullenwider documented the following limitations: inability to squat and rise, inability to

rise from a sitting position without assistance,[3] inability to heel/toe walk, inability to stand or hop on either foot, abnormal tandem walking, decreased range of motion of the back and neck, decreased sensation in bilateral upper extremities, and lower right extremity, as well as a positive anterior drawer sign.  It is unclear how these objective findings would be consistent with only a stooping limitation, and without a discussion regarding the ability to reach, balance, crouch, crawl, or kneel, at the very least.  This was error because the regulations discussed above require the ALJ to explain how persuasive he found the medical opinions she considered, and as part of that explanation, also require her to *specifically discuss* the supportability and consistency factors.  See 20 C.F.R. §§ 416.920c(b), 416.920c(c).  *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'") [citation omitted]; *Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir.1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence that he rejects.") [citation omitted].  An explanation of the persuasiveness of Fullenwider's opinion, *as well as* the state reviewing physician opinions, that includes a discussion of how Dr. Fullenwider supported his opinion and how his

---

[3] The Commissioner devotes a considerable amount of time to asserting that this does not mean the claimant needed assistance from another person.  Regardless, the claimant had a limitation in the basic ability to stand from a seated position.

opinion compares with the other evidence of record is therefore entirely absent from the ALJ's decision and constitutes reversible error.

For the reasons set forth above, the Court concludes that the decision of the Commissioner should be reversed and the case remanded to the ALJ for proper analysis of the medical opinions of record. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 24th day of March, 2022.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**